UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RUSSELL COHEN,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

3:07-cv-0043-LRH (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

November 27, 2007

    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#17). Plaintiff failed to file an opposition. Defendants filed a reply (#21). The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#17) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Russell Cohen ("plaintiff"), acting *in pro se*, is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Nevada State Prison ("NSP") (#7). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging fifteen civil rights violations under various constitutional amendments and statutory provisions. *Id.* Plaintiff names as defendants the State of Nevada, the NDOC, and, including John Does, approximately ninety individual defendants employed by NDOC. *Id.*

    Plaintiff filed his complaint on May 2, 2007.[1] *Id.* On August 31, 2007, defendants filed

---

[1] Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's complaint and dismissed all claims against the State of Nevada and NDOC except plaintiff's RLUIPA claims, all claims for monetary relief from individual defendants in their official capacities except as to plaintiff's RLUIPA claims, and all claims under 18 U.S.C. §§ 241 and 242 (#5). Plaintiff thereafter filed a notice of appeal to the Ninth Circuit Court of Appeals, which the Ninth Circuit dismissed for lack of jurisdiction on October 3, 2007 (#19).

the current motion to dismiss (#17). The court issued its standard *Klingele* order on September 4, 2007, informing plaintiff of his responsibilities in responding to a dispositive motion (#18). Plaintiff did not file an opposition. On October 8, 2007, defendants filed a reply (#21). On October 23, 2007, this court issued an order *sua sponte* granting plaintiff an extension of time until November 16, 2007, to file a motion in opposition (#23). The order stated that the court would grant no further extensions of time and that defendants' motion to dismiss would be submitted to the court unopposed should plaintiff fail to file a response. *Id.* To date, plaintiff has not filed a motion in opposition to defendants' motion to dismiss.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to dismiss for failure to state a claim

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994). For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Pursuant to section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### B. Analysis

Defendants generally argue that plaintiff's interest in bringing this suit is to "vex, annoy and harass every prison official he has had contact with" within NDOC (#17). Defendants note

that the sixty-nine individuals who have appeared in this action are spread over five different NDOC institutions, and that plaintiff generally alleges multiple violations occurring between January 2005 and the present, making it nearly impossible for defendants to respond to plaintiff's allegations.

### 1. Claims Lacking Basis in Law

Defendants contend that the criminal provisions in 18 U.S.C. §§ 1001, 1621, and 1518 do not provide a basis for civil liability (#17, pp. 3-6). The court has reviewed these statutes and agrees. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that statutes which provide for punishment by fine or imprisonment do not create privately enforceable rights, give rise to civil liability, or provide a basis for lawsuits pursuant to the Civil Rights Act); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (holding that private rights of action must be created by Congress and the court's role is to determine whether the statute displays such intent).

Defendants further maintain that 42 U.S.C. § 10841, the Restatement of Bill of Rights for Mental Patients, does not create a private right of action. Again, the court agrees. *See Yang v. California Dept. of Social Services*, 183 F.3d 953, 958 (9th Cir. 1999) (citing affirmatively a First Circuit case which held that section 10841 did not create any enforceable federal rights); *see also Smith v. Au Sable Valley Community Mental Health Services*, 431 F.Supp.2d 743, 751-52 (E.D. Mich. 2006) (Section 10841 does not create a private right of action).

Finally, defendants argue that 18 U.S.C. § 1061, now codified at 18 U.S.C. § 1038, while allowing a private right of action, is inapplicable to the present case. A review of section 1038 and the subject matter of plaintiff's complaint reveals that defendants are correct.[2]

The court grants defendants' motion to dismiss as to these statutes.

### 2. Claims Lacking Basis in Fact

Defendants next contend that the remainder of plaintiff's complaint is "a wandering prolix

---

[2] 18 U.S.C. § 1038 provides for criminal and civil penalties when a person provides false information or conducts a hoax with respect to crimes relating to aircraft and motor vehicles, biological weapons, explosives and combustibles, the importation, manufacture, distribution, and storage of explosive materials, firearms, shipping, terrorism, the Atomic Energy Act, or the destruction of an interstate gas pipeline facility.

3

of vague conclusions intermixed with legal citation and argument that fail to identify the actions of any particular defendant or relevant dates" (#17, p. 2). Defendants maintain that it is impossible to respond to plaintiff's allegations because the complaint altogether fails to meet the requirements of Federal Rule of Civil Procedure 8. *Id.*, pp. 2 and 10.

Recently, the United States Supreme Court reaffirmed that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *see also* Fed.R.Civ.P. 8(a) (a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief") and Fed.R.Civ.P. 8(e) ("each averment of a pleading shall be simple, concise, and direct"). The liberal pleading standard is even more pronounced in the case of a *pro se* prisoner, where the court must construe the pleadings liberally. *Erikson*, 127 S.Ct. at 2200.

However, with regard to "fair notice," the court also recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-235 (3d ed. 2004) ... ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations") ... .

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The court further noted that *some* factual detail is necessary:

4

> [W]hile, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' ... Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

*Id.* at 1965, n.3 (*quoting* Wright & Miller § 1202, at 94, 95 ("Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'")).

Thus, a claim must proceed beyond the motion to dismiss stage even if the court does not believe the facts set out in the complaint; however, if there is a complete absence of "circumstances, occurrences, and events" to support the claims the plaintiff is making, then the complaint does not meet the requirements of Rule 8(a). Such is the case here.

In *Erickson*, the prisoner claimed that defendants removed him from a program to treat his hepatitis C because defendants allegedly found that he had violated the program's rules (although the prisoner claimed he had not). *Erikson*, 127 S.Ct. at 2198. The prisoner alleged that by removing him from the program, defendants had violated his right to medical treatment pursuant to the Eighth Amendment. *Id.* In his complaint, the prisoner named the defendants who had allegedly violated his rights, the dates and the reasons. *Id.* The District Court dismissed the claims on a motion to dismiss after concluding that the prisoner had failed to allege that the defendants' actions had caused him "substantial harm. *Id.* The Court of Appeals for the Tenth Circuit affirmed. *Id.* at 2199. The Supreme Court reversed, holding that it was error for the Tenth Circuit to find that plaintiff's allegations were too conclusory to establish for pleading purposes that petitioner had suffered a cognizable independent harm as a result of his removal from the treatment program. *Id.* at 2200. The Court found that plaintiff's allegation that defendants' actions were "endangering his life" was sufficient. *Id.*

As opposed to the prisoner in *Erikson*, plaintiff here has failed to put defendants on notice as to which "circumstances, occurrences, and events" violated his rights. Even where plaintiff actually lists specific defendants in his counts, he fails to state what actions defendants' took to

allegedly violate his rights; instead, plaintiff makes "blanket assertions" that defendants generally violated his "rights," without listing any facts as to *how* his rights were violated. *See e.g.*, #7, pp. 4 and 5. Further, in some counts, plaintiff simply states that "all named defendants" generally violated his rights, without specifying how. *See e.g.*, #7, pp. 5-C. Defendants argue that because all of the defendants are spread amongst five prison facilities, "it is impossible to determine which acts plaintiff complains of as being attributable to any particular defendant on any date at any prison" (#17, p. 18). Plaintiff additionally specifies no dates on which each of the alleged violations occurred, only generally stating that defendants "often" violated his rights, or that he "rarely" receives his constitutional rights. While plaintiff is not required to set out in detail the facts upon which his claims rest, some factual detail is necessary to put defendants on notice as to how they violated plaintiff's rights. *Bell Atlantic Corp.*, 127 S.Ct. at 1965. n.3.

For instance, in count V, plaintiff alleges:

> ALL NAMED DEFENDANTS LISTED ABOVE... inflicted c4ruel [sic] and unusual punishment in numerous ways, like covering my suicide window cell door with paper causing claustophobia [sic], mental and emotional abuse to a patient who should be receiving positive theraupetic [sic] therapy, tampoering [sic] and depriving me of my religious diet meals, refusing to ensure I was rceiving [sic] positive mental health and medical care, #excessive [sic] sanctions for minor infractions, use of false and/or vague NOCs to place me in segregation, deprive me of Civil and Constitutional rights, by inflicting cruel and unusual punishmnt [sic] in the form of retaliation for me asserting my Civil and Constitutional roights [sic], inflicting unnecesary [sic] and wanton pain that had no kjustifiable [sic] penological interest but was inflicted simply because I was insistenc [sic] on asserting my Civil and Constitutional rights. ...
>
> Cruel and unusual punishmnt [sic] can also be the forcing of me to eat non-Kosher food as a punishment for violating a minor infraction of ppison [sic] rules. ...
>
> Further when a defendnat [sic] deprives me of medically prescribed medication by a professional doctor for reasons not related to medical reasons may exhibit deliberate indifference.

*See* #7, p. 5-C. None of plaintiff's contentions puts defendants on notice as to, for example, which defendants may have forced plaintiff to eat non-kosher foods, or which defendants deprived plaintiff of medication, what the medication was, and for what reasons "not related to medical reasons." One of plaintiff's main contentions is that the notices of charges he frequently

6

receives are false and unwarranted. Plaintiff claims, "most if not all NOCs filed against [sic] me contain false notice of charges" (#7, p. 5-I). This type of allegation does not come close to putting defendants on notice as to *which* notices of charges plaintiff is challenging. It is not defendants' burden to comb through all of plaintiff's many disciplinary hearings at the various institutions in which he has been incarcerated over the years to identify officers who have allegedly violated plaintiff's rights.

After carefully reviewing plaintiff's complaint, the court agrees with defendants' characterizations.[3] Moreover, local rule 7-2 states "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). The court has duly warned plaintiff of the consequences of failing to file an opposition; thus, the court finds that plaintiff consents to defendants' arguments. Based on the foregoing, the court concludes that plaintiff has failed to sufficiently put defendants on notice as to how defendants allegedly violated plaintiff's rights.

### 3. Conspiracy

Plaintiff also makes numerous general claims that defendants have conspired against him to violate his constitutional rights (#7, pp. 2-2U, 3, and 5-H). To state a claim for conspiracy pursuant to 42 U.S.C. § 1985(3), a plaintiff must demonstrate: "(1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person of class of persons of the equal protection of laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). A review of plaintiff's complaint reveals that plaintiff has failed to state which defendants conspired together, when they conspired, and what acts they allegedly took to further the conspiracy. Plaintiff's conspiracy claims are dismissed.

---

[3] For purposes of brevity, the court does not here set out each allegation in plaintiff's very lengthy complaint. Defendants have set out the allegations contained in each of plaintiff's counts, arguing that the allegations fail to state what actions defendants have taken to violate plaintiff's rights, how they violated the right, and when (#17, pp. 7-18). The court has carefully reviewed each count in plaintiff's complaint, and finds that defendants' motion has merit.

### 4. Failure to Exhaust Administrative Remedies

Defendants alternatively argue that plaintiff's claims must be dismissed because he has failed to exhaust his administrative remedies (#17, p. 6). The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Exhaustion of administrative remedies is not a pleading requirement; thus, prisoners are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 919-921 (2007).

Defendants have properly raised the issue of exhaustion in a motion to dismiss. Since plaintiff did not oppose defendants' motion, there is no evidence before the court with which to determine whether plaintiff exhausted his administrative remedies for each of his claims. Plaintiff states in his complaint that he has exhausted all of his administrative remedies by appealing his notices of charges and by filing "numerous" grievances regarding defendants' conduct during his NOC hearings (#7, p. 8A). Plaintiff also claims that the grievance process is no longer available to him. *Id.*

Even taking plaintiff's general claims of exhaustion as true, it remains impossible to determine for which counts plaintiff has exhausted his remedies. Because plaintiff fails to identify which hearings and NOCs he is challenging, the court cannot determine whether plaintiff has exhausted his remedies. Moreover, by failing to file a motion in opposition to defendants' motion to dismiss, plaintiff consents to defendants' argument that he failed to exhaust. L.R. 7-2(d). Thus, the court grants defendants' motion to dismiss on the alternative ground of failure to exhaust administrative remedies.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff does not have a private right of action pursuant to 18 U.S.C. §§ 1001, 1621, and 1518 and 42

U.S.C. § 10841, and that 18 U.S.C. § 1061 is inapplicable here. The court further concludes that plaintiff's allegations do not meet the requirements of Federal Rule of Civil Procedure 8(a) so as to put defendants on notice as to the claims against them. The court further concludes that plaintiff has failed to make allegations specific enough to allege a conspiracy claim, and that it is unclear whether he has exhausted his administrative remedies due to his vague allegations. As such, the court recommends that defendants' motion to dismiss (#17) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#17) be **GRANTED**.

**DATED:** November 27, 2007.

UNITED STATES MAGISTRATE JUDGE

9